UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **02 - 20 2 3 8** CR-GRAHAM

21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
18 U.S.C. § 1956(h)
18 U.S.C. § 1956(a)(1)(B)(i)
18 U.S.C. § 2

MAGISTRATE JUDGE
TURNOFF

UNITED STATES OF AMERICA,

       Plantiff

v.

JORGE NICOLAS ACOSTA,

       Defendant

_____/

FILED by _____
02 MAR 12 PM 3: 21
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

## INDICTMENT

The Grand Jury charges that:

### COUNT I

From on or about February 26, 2002, the exact date being unknown to the Grand Jury, and continuing to on or about February 27, 2002, at Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**JORGE NICOLAS ACOSTA,**

did knowingly and intentionally combine, conspire, confederate, and agree with persons known and unknown to the Grand Jury, to possess with intent to distribute a Schedule I controlled substance,



that is, one hundred grams or more of a mixture and substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B).

## COUNT II

On or about February 27, 2002, at Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### JORGE NICOLAS ACOSTA,

did knowingly and intentionally possess with intent to distribute a Schedule I controlled substance, that is, one hundred grams or more of a mixture and substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2.

## COUNT III

From on or about February 26, 2002, the exact date being unknown to the Grand Jury, and continuing to on or about February 27, 2002, at Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### JORGE NICOLAS ACOSTA,

did knowingly and intentionally combine, conspire, confederate, and agree with persons known and unknown to the Grand Jury to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, to wit: the felonious importation, receiving, concealment, buying, selling and otherwise dealing in a controlled substance,

2

punishable under any law of the United States, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of said unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE
(18 U.S.C. § 982(a)(1) and 21 U.S.C. § 853)

1. The allegations of Counts I through IV of this Indictment, which are punishable by imprisonment for more than one year, are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeitures to the United States of America pursuant to the provisions of Title 18, United States Code, Section 982(a)(1) and Title 21, United States Code, Section 853.

2. Upon the conviction of any violation of Title 21, United States Code, Sections 841 and 846, each defendant shall forfeit to the United States any property constituting or derived from any proceeds which the defendant obtained, directly or indirectly, as the result of such violation, and any property which the defendant used or intended to be used in any manner or part to commit or to facilitate the commission of such violations.

3. Upon the conviction of any violation of Title 18, United States Code, Section 1956, the defendant shall forfeit to the United States any property, real or personal, involved in such offense or any property traceable to such property.

4. The property subject to forfeiture includes but is not limited to the sum of $368,320.00.

3

5. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by reference by Title 18, United States Code, Section 982(b), if property described above as being subject to forfeiture, as a result of any act or omission of the defendant,

    (i)      cannot be located upon due diligence;

    (ii)     has been transferred, or sold to, or deposited with a third person;

    (iii)    has been placed beyond the jurisdiction of the Court;

    (iv)    has been substantially diminished in value; or

    (v)     has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek the forfeiture of other property of the defendant up to the value of the above-described forfeitable property.

All pursuant to Title 21, United States Code, Section 853 and Title 18, United States Code, Section 982.

A TRUE BILL

_____
FOREPERSON

_____
GUY A. LEWIS
UNITED STATES ATTORNEY

_____
LILLY ANN SANCHEZ
ASSISTANT UNITED STATES ATTORNEY

4

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO. 02 - 2028

v.

CERTIFICATE OF TRIAL ATTORNEY

JORGE NICOLAS ACOSTA

Superseding Case Information:

**Court Division:** (Select One)

New Defendant(s)           Yes ____   No ____
Number of New Defendants        ____
Total number of counts          ____

X    Miami    ____ Key West
____ FTL      ____ WPB     ____ FTP

I do hereby certify that:

1.    I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.    I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.    Interpreter:        (Yes or No) ___Yes_____
      List language and/or dialect ____Spanish____

4.    This case will take ___5___ days for the parties to try.

5.    Please check appropriate category and type of offense listed below:
      (Check only one)                                  (Check only one)

| | | | |
|---|---|---|---|
| I   | 0  to  5 days  | XXX | Petty |
| II  | 6  to 10 days  | ____ | Minor |
| III | 11 to 20 days  | ____ | Misdem. |
| IV  | 21 to 60 days  | ____ | Felony    XXX |
| V   | 61 days and over | ____ | |

6.    Has this case been previously filed in this District Court? (Yes or No) __No__
If yes:
Judge: _____   Case No. _____
(Attach copy of dispositive order)

Has a complaint been filed in this matter? (Yes or No) ___Yes_____
If yes:
Magistrate Case No. __02-2316-STB_____
Related Miscellaneous numbers: _____
Defendant(s) in federal custody as of __02/27/02_____
Defendant(s) in state custody as of _____
Rule 20 from the _____   District of _____

Is this a potential death penalty case? (Yes or No) ___NO_____

7.    Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes _X_ No    If yes, was it pending in the Central Region? ___ Yes _X_ No

8.    Did this case originate in the Narcotics Section, Miami? _X_ Yes    No

LILLY ANN SANCHEZ
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0195677

*Penalty Sheet(s) attached

REV.6/27/00

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET   02-20238

CR-GRAHAM

MAGISTRATE JUDGE
TURNOFF

Defendant's Name:   **JORGE NICOLAS ACOSTA**

| | |
|---|---|
| Count I: | Conspiracy to posses with intent to distribute 100 grams or more of heroin |
| | 21 U.S.C. §841(a)(1) |
| *Max. Penalty: | 40 Years |
| Count II: | Possession with intent to distribute 100 grams or more of heroin. |
| | 21 U.S.C. §841(a)(1) |
| *Max. Penalty: | 40 Years |
| Count III: | Conspiracy to launder monetary proceeds. |
| | 18 U.S.C. §1956(h) |
| *Max. Penalty: | 20 years |
| Count IV: | |
| *Max. Penalty: | |
| Count V: | |
| *Max. Penalty: | |
| Count VI: | |
| *Max. Penalty: | |

FILED by
02 MAR 12 PM 3: 21
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

*Refers only to possible term of incarceration, does not include possible fines, restitution, special
assessments, parole terms, or forfeitures that may be applicable.

No. 02-20238-CR-GRAHAM

MAGISTRATE JUDGE
TURNOFF

GRAND JURY INDICTMENT NO. 0102-ECS-0031

UNITED STATES DISTRICT COURT

SOUTHERN District of FLORIDA

CRIMINAL Division

THE UNITED STATES OF AMERICA

vs.

JORGE NICOLAS ACOSTA

INDICTMENT

21 U.S.C. §846, 841(a)(1)
18 U.S.C. §1956(h)
1956(a)(1)(B)(i)
18 U.S.C. §2

A true bill:

_____
Foreman

FGJ 01-02  (MIA)

Filed in open court this   12th   day,

of   March        A.D. 20 02

_____
Clerk

Bail $ _____

INDICTMENT NO. _____

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 02-2316-BLG

UNITED STATES OF AMERICA,

v.

JORGE NICOLAS ACOSTA,

Defendant.

_____/



### DETENTION ORDER

A detention hearing pursuant to 18 U.S.C. §3142(f) was held in the above-captioned case on March 6, 2002, at which time the factors enumerated in 18 U.S.C. §3142(g) were applied. Pursuant to 18 U.S.C. §3142(e), this Court hereby finds that no condition or combination of conditions will reasonably assure the appearance of this defendant as required. Therefore, this Court orders the detention of the defendant, Jorge Nicolas Acosta, prior to trial and until the conclusion thereof.

Pursuant to 18 U.S.C. §3142(i) the following findings of fact and statements of reason are made:

1.      I find that the defendant is charged with conspiracy to possess with intent to deliver at least 100 grams of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and with money laundering, in violation of 18 U.S.C. §1956(a)(1)(B)(i). Therefore, I find that the defendant is charged with a narcotics offense under Title 21 for which imprisonment for 5 years or more is prescribed. *See* §3142(g)(1).

2.      Based upon the evidence proffered at the hearing, I further find that with respect to the weight of the evidence against the defendant, the government has a strong case. During the



hearing, the government proffered that on February 27, 2002, the defendant was found in possession of 51 pellets of a white powdery substance that field-tested positive for heroin and weighed over 100 grams.     In addition, the defendant had $368,320.00 in U.S. currency in his possession.   In a statement following his arrest, the defendant stated that he traveled to the United States from Colombia on February 25, 2002, to pick up and deliver monies for an individual in Colombia. Approximately $10,000.00 was the defendant's payment for the deliveries.  The defendant was also going to be receiving instructions for the delivery of the heroin.

      3.     Based upon the evidence proffered at the hearing and described above, I find that there is probable cause to believe that the defendant committed the offenses with which he has been charged.  The statutory presumption that the defendant is a danger to the community applies in this case.   Based upon the information contained in the defendant's PreTrial Services Report, incorporated by reference herein, the court also finds that the defendant presents a risk of flight.  The defendant lives in Colombia.  All of the defendant's family ties, including the defendant's children, are in Colombia.

      Based on the above findings of fact, which were supported by clear and convincing evidence, it is my determination that this defendant presents a danger to the community, and, therefore, his pretrial detention is warranted.

      I direct that the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal.

      I further direct that the defendant be afforded reasonable opportunity for private consultation with her counsel.

2

I further direct that, on order of a court of the United States or on request of an attorney for the government, that the person in charge of the corrections facility in which the defendant is confined, deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

This order is entered without prejudice to the defendant, who may, after notice to the government, seek reconsideration of this order based on additional evidence which the defendant may choose to present to this Court.

DONE AND ORDERED in Miami, Florida this 11th day of March, 2002.

BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:     Lilly Ann Sanchez, AUSA
        J.C. Elso, Esq.

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 02-2316-BROWN

UNITED STATES OF AMERICA,

             Plaintiff,

vs.

JORGE NICOLAS ACOSTA                    **ORDER**

             Defendant.

FILED by _____ D.C.
MAG. SEC.

**MAR 0 6 2002**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

_____

        Pursuant to the Bail Reform Act, a detention hearing was held
this date in accordance with 18 U.S.C. Section 3142(f).  At the
conclusion of the evidentiary hearing, the findings of fact and
conclusions of law required by the Act were dictated into the
record.  It is thereupon

        **ORDERED AND ADJUDGED** as follows:

        1.  The Defendant __above named__               shall be
detained pending trial in this case for the reasons stated on the
record by the Court.  The Court has found the defendant to be a
risk of flight and/or a danger to the community.

        2.  A final Order of Detention memorializing the dictated
findings and conclusions shall be entered forthwith.

        **DONE AND ORDERED** in Miami, Florida this 6TH          day of
MARCH               , 2002.

TAPE NO.2002-C  18 - 1390

c: AUSA
   Defense Counsel
   Pretrial Services
   U.S. Marshal

_____
UNITED STATES MAGISTRATE JUDGE
BARRY L. GARBER



FILED by _____ D.C.
MAG. SEC.

MAR 0 6 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 02-2316-BROWN

UNITED STATES OF AMERICA,

vs.

JORGE NICOLAS ACOSTA

**ORDER ON HEARING TO**
**REPORT RE COUNSEL**

The above named defendant having appeared before the Court as ordered and reported efforts to retain counsel, it is thereupon

ORDERED as follows:

_____   Private counsel_____ appeared in open court and is noted as permanent counsel of record.

_____   The defendant requested Court appointed counsel, was found eligible, and counsel will be appointed by separate order.

_____   The defendant requested Court appointed counsel but was found ineligible, and shall appear before the Court on _____ at 10:00 a.m. to report regarding his/her further efforts to retain counsel, unless counsel notices a permanent appearance before that date.

✓   The defendant requested further time to retain counsel and shall appear before the Court on \_\_\_\_\_3/12/02\_\_\_\_\_ at 10:00 a.m. to report regarding his/her further efforts to retain counsel, unless counsel notices a permanent appearance before that date.

_____   The arraignment is reset to _____ at 10:00 a.m.

**DONE AND ORDERED** at Miami, Florida this 6TH day of MARCH , 2002.

TAPE NO. 2002-C /8 -/390

UNITED STATES MAGISTRATE JUDGE
BARRY L. GARBER

c. Defense Counsel
   Pretrial Services or Probation
   U.S. Marshal
   AUSA

L. Sanchez, AUSA

CASE NUMBER _02-2316-STB_

INTERPRETER REQUIRED IN CASE

FILED by _WH_ D.C.
MAG. SEC.

FEB 2 8 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

FOREIGN LANGUAGE  SPANISH

DEFENDANT(S)  JORGE  ACOSTA

5/WH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _02- 2316 -STB_

FILED by _WH_ D.C.
MAG. SEC.

FEB 2 8 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. · MIAMI

UNITED STATES OF AMERICA,

v.

**NOTICE OF TEMPORARY
APPEARANCE AS COUNSEL**

_JORGE ACOSTA_

COMES NOW _____ _J.C. ELSO_ _____ and

files this temporary appearance as counsel for the above named

defendant(s) at initial appearance.  This appearance is made with

the **understanding** that the undersigned counsel will fulfill any

**obligations imposed** by the Court such as **preparing and filing**

**documents** necessary to collateralize any personal surety bond

which may be set.

Counsel's Name **(Printed)** _____ _J.C. ELSO_ _____

Counsel's Signature _____

Address ____ _501 NE 1ST AVE Suite 200_ ____

_MIAMI, FLA._    ZIP CODE: _33132_

Telephone _( 305) 379-3576_

koia.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 02 - 2316 - STB

UNITED STATES OF AMERICA

                Plaintiff,

**ORDER ON INITIAL APPEARANCE**
Language _Spanish_     FEB 2 8 2002
Tape No. _02D- 12-1300_
AUSA _Matthew Dates_     CLARENCE MADDOX CLERK U.S. DIST. CT. S.D. OF FLA. - MIAMI
Agent _____

FILED by _WH_ D.C.
MAG. SEC.

v.

JORGE ACOSTA

           Defendant.
_____/

DOB: 8-3-79     Reg# 68365-004

        The above-named defendant having been arrested on ___2-27-02___ having appeared before the court for initial appearance on ___2-28-02___ and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon
**ORDERED** as follows:
1. _J.C. Elso_ appeared as permanent/temporary counsel of record.
Address: _3780 W. Flagler St. Coral Gables FL_
Zip Code: _33134 -1602_  Telephone: _( 305 ) 446 - 3377_
2 ._____ appointed as permanent counsel of record.
Address: _____
Zip Code: _____ Telephone: _____
3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 A.M. on _3/6_, 2002.
4. Arraignment/Preliminary/Removal/Identity hearing is set for _10am  3/14_, 2002.
5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f) because _of court's request_
A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for _10am  3/6_, 2002.
6. The defendant shall be release from custody upon the posting of the following type of appearance bond, pursuant to 18 U.S.C. Section 3142:

_____
_____

This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:
___a. Surrender all passports and travel document to the Pretrial Services Office.
___b. Report to Pretrial Services as follows:___times a week by phone, ___time a week in person;

    other: _____
___c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed
    substances prohibited by law.
___d. Maintain or actively seek full time gainful employment.

3/WH

JORGE ACOSTA

___e. Maintain or begin an educational program.
___f. Avoid all contact with victims of or witnesses to the crimes charged.
___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
___h. Comply with the following curfew: _____
___i. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.
___j. Comply with the following additional special conditions of this bond:

_____
_____

This bond was set: At Arrest _____
                       On Warrant _____
                       After Hearing _____

       If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is ___
_____
_____

_____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond.  Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions.  These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

       **DONE AND ORDERED** at <u>Miami, Florida</u>, this <u>28th</u>    day of   <u>FEBRUARY</u>   
2002 .

                                               _____
                                            UNITED STATES MAGISTRATE JUDGE
                                            STEPHEN T. BROWN

c: Assistant U.S. Attorney
   Defendant
   Counsel
   U.S. Marshal
   Pretrial Services/Probation

# UNITED STATES DISTRICT COURT
## Southern District of Florida

| | | |
|---|---|---|
| UNITED STATES of AMERICA | ) | Case Number: CR_____ |
| Plaintiff | ) | |
| | ) | REPORT COMMENCING CRIMINAL |
| -VS- | ) | ACTION |
| Acosta, Jorge | ) | |
| | ) | 68365-004 |
| Defendant | ) | |

FILED by _NH_ D.C.
MAG. SEC.

FEB 28 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

**********************************************************************************

TO: Clerk's Office      MIAMI      FT. LAUDERDALE      W. PALM BEACH
    U.S. District Court            FT. PIERCE
                           (circle one of above)
NOTE:  CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN MAGISTRATES COURT ABOVE.
**********************************************************************************

All items are to be completed. Information not applicable or unknown will be indicated "N/A".

(1)   Date and Time of Arrest: 2/27/02      1200      am/pm

(2)   Language Spoken: Spanish

(3)   Offense(s) Charged: 18 USC 1956 (Money Laund.)
      21 USC 841 (poss. of Controlled Substance)

(4)   U.S. Citizen      [ ] Yes      [X] No      [ ] Unknown

(5)   Date of Birth: 8-3-79

(6)   Type of Charging Document: (check one)
      [ ] Indictment          [X] Complaint to be filed/ already filed

      Case # _____

      [ ] Bench Warrant for Failure to Appear
      [ ] Probation Violation Warrant
      [ ] Parole Violation Warrant

      Originating District: Southern Dist.

      COPY OF WARRANT LEFT WITH BOOKING OFFICER  [ ] Yes      [ ] No

Amount of Bond: $_____

Who set Bond: _____

(7)    Remarks:_____

(8)    Date: 2-27-02      (9) Arresting Officer: Jere Miles

(10)   Agency: U.S. Customs      (11) Phone: (305) 597-6080

(12)   Comments: _____

2/WH

# *United States District Court*

_____SOUTHERN_____ DISTRICT OF _____FLORIDA_____

> FILED by _____ D.C.
> MAG. SEC.
> **FEB 2 8 2002**
> CLARENCE MADDOX
> CLERK U.S. DIST. CT.
> S.D. OF FLA. - MIAMI

UNITED STATES OF AMERICA

v.

JORGE NICOLAS ACOSTA

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

CASE NO. 02-2316-STB

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. Between on or about February 26, 2002, to on or February 27, 2002, in Dade County in the Southern District of Florida the defendant did, knowingly and intentionally conspire to and possess with intent to distribute a Schedule I controlled substance, that is, one hundred grams or more of a mixture and substance containing a detectable amount of heroin; and during and in relation to this drug trafficking crime, knowing that the property involved in the following financial transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, and ownership and control of the proceeds of the specified unlawful activity, did knowingly conduct and attempt to conduct the financial transaction, affecting interstate and foreign commerce, to wit: the transfer and delivery of approximately $408,000.00 in U.S. Currency, which in fact involved the proceeds of some form of specified unlawful activity, that is, the importation, receiving, concealing, buying, selling, and otherwise dealing in a controlled substance, punishable under any law of the United States.

in violation of Title _21; 18_ United States Code, Section(s) _841(a)(1), and 846; 1956(a)(1)(B)(i)_____

I further state that I am a Special Agent of the USCS_____ and that this complaint is based on the

following facts:          Official Title

**SEE ATTACHED AFFIDAVIT**

Continued on the attached and made a part hereof:     [x] Yes [ ] No

_____
Signature of Complainant
JERE MILES, SPECIAL AGENT
UNITED STATES CUSTOMS SERVICE

Sworn to before me, and subscribed in my presence,

__2/28/02__
Date

at   Miami, Florida
City and State

_____
Signature of Judicial Officer

STEPHEN T. BROWN, United States Magistrate Judge
Name and Title of Judicial Officer

## **AFFIDAVIT**

I, Jere T. Miles, being duly sworn, depose and say:

1.     I am a Special Agent with the United States Customs Service (USCS) and have
       been so employed for the past 2 years. Prior to accepting my current position with
       USCS, I was a Deputy Sheriff in the State of South Carolina (SC) for
       approximately 6.5 years, where among other duties I served as a Narcotics
       Investigator and Resident Deputy Investigator. I am currently assigned to the
       office of the Special Agent In Charge (SAIC) Miami, Florida Office of the United
       States Customs Service where I primarily conduct currency and financial
       investigations relating to the international narcotics trade. As a member of the
       SAIC Miami Office I am currently assigned to Group 2  High Intensity Drug
       Trafficking Area (HIDTA) initiative – here after referred to as HIDTA Group 2 -
       that is responsible for the investigation of domestic and foreign money laundering
       investigations.

2.     The information contained in this affidavit is based upon my personal knowledge
       and information received from other U.S. Customs Service agents and State/Local
       Officers.

3.     On February 27, 2002, at approximately 0850 hours while conducting
       surveillance in the vicinity of SW 72nd St. and 152 Avenue, Miami, Florida,
       members of HIDTA Group 2 did observe a Silver Nissan Xterra being operated
       by a white male – later identified as Jorge Nicolas Acosta a.k.a. Jorge Nicolas
       Acosta-Ariza, a Colombian National.

4.   At approximately 0910 hours the Xterra departed the area and drove directly to a gated community called "Emerald Palms" located at the intersection of SW 152nd St. and 122 Ave.

5.   At approximately 0950 hours Jorge Acosta was observed with another white male, later identified as Benjamin LNU, as they approached the parked Xterra. Jorge Acosta had what appeared to be a black backpack type of bag in his hands as he approached the vehicle. The two men spoke very briefly and Jorge Acosta got in to the vehicle and proceeded to leave the community.

6.   Jorge Acosta proceeded to an apartment located at 7490 SW 152nd Ave, Apt. 6, Miami, Florida  33192.  At approximately 1110 hours Jorge Acosta exited his vehicle and entered apartment number six (6) where he remained for approximately 5 minutes. Jorge Acosta and a white male, later identified as Alberto Guillermo Saade a.k.a. Alberto Guillermo Saade-Serret a Colombian National, exited the apartment with a black and red gym bag in their possession. The bag was placed in the back seat of the Xterra behind the passenger seat. Alberto Saade then got in to the vehicle while Jorge Acosta locked the door to the apartment. Jorge Acosta then proceeded to get into the Xterra in the driver's seat.

7.   At approximately 1115 hours, members of HIDTA Group 2 approached the Xterra, identified themselves and asked Jorge Acosta and Alberto Saade if they would talk to them.  Both subjects agreed to talk with the agents/officers.

8.   Jorge Acosta explained that the car was rented by him and was in his name. He was asked if it contained any narcotics, guns, or large quantities of currency to

which he replied no.  He was then asked if he would consent to a search of his

vehicle to which he replied yes.  While agents were retrieving a "consent to

search" form Jorge Acosta stated that there was a large quantity of currency

located in the red and black bag behind the passenger seat. When questioned

about the ownership of the money, Jorge Acosta replied that the money belonged

to a guy named "Jorge LNU."  He was supposed to meet Jorge at the Wal Mart on

SW 88th Street.  Jorge Acosta did not know the last name of the Jorge he was to

give the money to nor did he know what type of vehicle Jorge was driving. Jorge

Acosta further advised officers/agents that he had gotten the money from a guy

name "Papo" and that he did not know his real name.  Later, Jorge Acosta stated

that he had gotten the money from Eduardo, a person later identified as Eduardo

Del Gado.  Jorge Acosta identified Eduardo Del Gado as "Papo".

9.      The consensual search of the Xterra revealed a large black and red gym bag

located behind the passenger seat. This bag contained a large quantity of United

States currency packaged in at least one separate plastic bag and bundled together

with both rubber bands and paper money binders.  Jorge Acosta later advised that

this bag contained approximately $278,000.00 in United States currency.  The

search also revealed a black backpack type of bag containing Jorge Acosta's

passport, an airline ticket, two checkbooks from different banks both in Jorge

Acosta's name, a CD player, a camera, and three bundles of United States

currency – totaling $3,000.00. Jorge Acosta later advised that the currency in the

black backpack was part of his payment for moving the currency for "Papo".

10.     At this point Alberto Saade was asked if he was the resident of the apartment to which he replied yes. He was then asked if he would give consent for the agents/officers to search the apartment, to which he replied yes. Alberto Saade signed a "consent to search" form and then retrieved the keys to the apartment from Jorge Acosta who still had them in his possession.

11.     A search was then conducted of the apartment and located in the closet of the bedroom used by Alberto Saade was a large black duffel type of bag. This bag was locked closed with a small padlock. Alberto Saade was asked who the bag belonged to and he stated Jorge Acosta. Jorge Acosta was asked if he had the keys to the bag and he stated yes. Utilizing the keys provided by Jorge Acosta, the bag was opened and located inside was a yellow "Lucky Strike" bag containing a large quantity – 9 bundles - of United States currency bundled together with rubber bands. Jorge Acosta later advised that this currency should total approximately $120,000.00. Also located in the duffel bag were 51 pellets – approximately 1.2 lbs. – of an unidentified powder that later field tested positive as Heroin.   At this point both subjects were placed under arrest.

12.     Jorge Acosta and Alberto Saade were transported to the Special Agent in Charge Office of the US Customs Service, Miami, Florida.  Prior to being transported to the SAIC Office both men were patted down and a large amount of United States currency was retrieved from Jorge Acosta's right thigh pocket.  Jorge Acosta advised that the currency should be approximately $5,400.00 and that it was his payment for the transportation of the money.  Once at the SAIC, both men were processed for arrest, waived Miranda, and made statements to officers/agents.

13.     Jorge Acosta stated that he arrived from Barranquilla, Colombia on February 25,

        2002.   He stated his purpose for coming to Miami, Florida was to pick-up and

        transport United States currency for a person he knew in Barranquilla, Colombia

        called "El Negro."   Once in Miami, Jorge Acosta met with "Papo" who gave him

        the black backpack with the US Currency to be delivered.   He further stated that

        on the morning of February 26, 2002, Jorge Acosta delivered approximately

        $190,000.00 to an individual at a Mobile gas station.   Later that same afternoon

        Jorge Acosta again met with "Papo" and received the large black duffel bag that

        contained additional currency and the 51 pellets of Heroin.   Jorge Acosta advised

        that when he received the bag he did not know that it contained the pellets.   When

        he saw them he knew they were narcotics of some type and contacted "Papo" who

        stated he would provide him with instructions on where to take the pellets once he

        was through delivering the money.

14.     Jorge Acosta advised that on the morning of February 27, 2002, he was supposed

        to meet an individual and deliver the currency.   This was the currency in the red

        and black gym bag located in the vehicle he had rented.   Jorge Acosta advised

        that once he completed this delivery he was to be contacted by "Papo and would

        get further instructions on where to deliver the remaining currency.

15.     Jorge Acosta was asked about the currency that was located in the black backpack

        and he stated that it was more of the money he was paid for transporting the

        currency.   The total amount of United States currency recovered from Jorge

        Acosta was approximately $408,000.00.

16.     Alberto Saade was interviewed and stated that Jorge Acosta went to his residence and handed him the large black duffel bag containing two packages of currency and the 51 pellets and told him to hold onto it and he would pay him $200.00. Alberto Saade stated that he took the bag upstairs and placed it into his room but did not ask what was in it.  Alberto Saade stated he thought the offer of the payment was strange but he knew that Jorge Acosta was involved in strange business.  Alberto Saade did not see Jorge Acosta until the morning of February 27, 2002, when he came to the house to pick up Alberto Saade.  At this time Jorge Acosta went upstairs and removed the red and black gym bag from the black duffel bag and they got in the Xterra to leave.

17.     Therefore, based on the foregoing, your affiant respectfully submits that the above named subject conducted a money transaction in violation of Title 21, United States Code, Sections 841(a)(1) and 846; and Title 18 United States Code Sections 1956 (a)(1)(B)(i) and 2.

FURTHER AFFIANT SAYETH NAUGHT

JERE MILES
U.S. CUSTOMS SERVICE

Subscribed and sworn to before
me this 28 day of February 2002.

STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 02-0316-STB

UNITED STATES OF AMERICA

vs.

JORGE NICOLAS ACOSTA

        Defendant.
_____/

CRIMINAL COVER SHEET

1.   Did this case originate from a matter pending in the United States Attorney's Office prior to
     April 1, 1999?   ____ Yes   XXX No

2.   Did this case originate from a matter pending in the Central Region of the United States
     Attorney's Office prior to April 1, 1999?   ____Yes   XXX No

                         Respectfully submitted,

                         GUY A. LEWIS
                         UNITED STATES ATTORNEY

            BY:
                         LILLY ANN SANCHEZ
                         Assistant United States Attorney
                         Florida Bar No. 0195677
                         8245 N.W. 53rd Street
                         Miami, Florida 33166
                         Telephone Number (305) 597-2088
                         Fax Number (305) 597-2020